Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 27, 2017

**2017 CO 15**

**No. 13SC725, <u>Reyna-Abarca v. People</u>, No. 13SC750, <u>Hill v. People</u>, No. 14SC3,
<u>Medrano-Bustamante v. People</u>, & No. 14SC7, <u>People v. Smoots</u>—Plain Error
Review—Double Jeopardy—Lesser Included Offenses.**

In these four cases, which raise the ultimate question of whether driving under
the influence ("DUI") is a lesser included offense of either vehicular assault-DUI or
vehicular homicide-DUI, the supreme court addresses (1) whether a double jeopardy
claim can be raised for the first time on direct appeal and (2) what test courts should
apply in evaluating whether one offense is a lesser included offense of another.

The court concludes that unpreserved double jeopardy claims can be raised for
the first time on appeal and that appellate courts should ordinarily review such claims
for plain error.  In so holding, the court rejects the People's contention that defendants
waive their double jeopardy claims unless they raise them at trial through a Crim. P.
12(b)(2) challenge to defective charging documents.

The court further concludes that the applicable test for determining whether one
offense is a lesser included offense of another is the strict elements test articulated in
<u>Schmuck v. United States</u>, 489 U.S. 705, 716 (1989).  Under this test, an offense is a lesser
included offense of another offense if the elements of the lesser offense are a subset of

the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense.

Applying this test to the cases before it, the court concludes that DUI is a lesser included offense of both vehicular assault-DUI and vehicular homicide-DUI, and thus, defendants' DUI convictions must merge into the greater offenses. The court further concludes that in not merging such offenses, the trial courts plainly erred and that reversal of the multiplicitous convictions is therefore required.

Accordingly, the supreme court affirms the divisions' rulings in People v. Reyna-Abarca, No. 10CA637 (Colo. App. Aug. 1, 2013), and People v. Hill, No. 12CA168 (Colo. App. Aug. 8, 2013), that appellate courts review unpreserved double jeopardy claims for plain error, but reverses the portions of the judgments in those cases concluding that DUI is not a lesser included offense of vehicular assault-DUI, and remands for further proceedings consistent with the opinion. Similarly, the court reverses the portion of the judgment in People v. Medrano-Bustamante, 2013 COA 139, ___ P.3d ___, concluding that DUI is not a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI, and remands for further proceedings. The court affirms the judgments in those cases in all other respects, and affirms in full the judgment in People v. Smoots, 2013 COA 152, ___ P.3d ___.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 15

### Supreme Court Case No. 13SC725
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 10CA637

#### Petitioner:

Mario Reyna-Abarca,

v.

#### Respondent:

The People of the State of Colorado.

### Judgment Affirmed in Part and Reversed in Part
*en banc*
February 27, 2017

\* \* \* \* \*

### Supreme Court Case No. 13SC750
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 12CA168

#### Petitioner/Cross-Respondent:

Dallas Cameron Hill,

v.

#### Respondent/Cross-Petitioner:

The People of the State of Colorado.

### Judgment Affirmed in Part and Reversed in Part
*en banc*
February 27, 2017

\* \* \* \* \*

**Petitioner:**

Jorge Arturo Medrano-Bustamante,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Affirmed in Part and Reversed in Part**
*en banc*
February 27, 2017

* * * * *

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Ruben Charles Smoots.

**Judgment Affirmed**
*en banc*
February 27, 2017

**Attorneys for Petitioner Mario Reyna-Abarca:**
Douglas K. Wilson, Public Defender
Anne T. Amicarella, Deputy Public Defender
*Denver, Colorado*

**Attorneys for Petitioner Dallas Cameron Hill:**
Douglas K. Wilson, Public Defender
Rachel K. Mercer, Deputy Public Defender
Britta Kruse, Senior Deputy Public Defender
*Denver, Colorado*

**Attorneys for Petitioner Jorge Arturo Medrano-Bustamante:**
Douglas K. Wilson, Public Defender
Alan Kratz, Deputy Public Defender
  *Denver, Colorado*


**Attorneys for Petitioner/Respondent The People of the State of Colorado:**
Cynthia H. Coffman, Attorney General
John T. Lee, Assistant Attorney General
  *Denver, Colorado*


**Attorneys for Respondent Ruben Charles Smoots:**
Douglas K. Wilson, Public Defender
Inga K. Nelson, Deputy Public Defender
Britta Kruse, Senior Deputy Public Defender
  *Denver, Colorado*


**Attorneys for Amicus Curiae Colorado Criminal Defense Bar:**
Tiftickjian Law Firm, P.C.
Jay M. Tiftickjian
  *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.
**JUSTICE COATS** concurs in part and dissents in part, and **JUSTICE EID** and **JUSTICE BOATRIGHT** join in the concurrence in part and dissent in part.

¶1 These four cases, which raise the ultimate question of whether driving under the influence ("DUI") is a lesser included offense of either vehicular assault-DUI or vehicular homicide-DUI, present us with an opportunity to address (1) whether a double jeopardy claim can be raised for the first time on direct appeal and (2) what test courts should apply in evaluating whether one offense is a lesser included offense of another.[1]

¶2 We now conclude that unpreserved double jeopardy claims can be raised for the first time on appeal, and appellate courts should ordinarily review such claims for plain error. In so holding, we reject the People's contention that defendants waive their double jeopardy claims unless they raise them at trial through a Crim. P. 12(b)(2) challenge to defective charging documents. Contrary to the People's assertion, a defendant's claim that his or her conviction violates double jeopardy principles does not amount to an objection regarding defects in the charging document. Accordingly, Crim. P. 12(b)(2) is inapplicable here.

¶3 With respect to the applicable test for determining whether one offense is a lesser included offense of another, we reiterate that the strict elements test is the proper test,

---

[1] Specifically, we granted certiorari in <u>Reyna-Abarca</u>, <u>Hill</u>, and <u>Smoots</u> to review the following issues:

1. Whether a double jeopardy claim can be raised for the first time on direct appeal.

2. Whether driving under the influence is a lesser included offense of vehicular assault-driving under the influence, requiring merger.

We granted certiorari in <u>Medrano-Bustamante</u> to review the following issue:

1. Whether DUI is a lesser included offense of vehicular assault-DUI or vehicular homicide-DUI.

but we acknowledge that our prior iterations of that test have arguably been inconsistent. Accordingly, we now clarify that the proper test for making such a determination is that articulated in Schmuck v. United States, 489 U.S. 705, 716 (1989), which we have cited previously with approval. We thus hold that an offense is a lesser included offense of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense. In our view, this articulation of the test is consistent with applicable statutory law and the plain meaning of "lesser included," it harmonizes our previous iterations of the "statutory elements" or "strict elements" test, and it can be applied readily and uniformly.

¶4 Applying this test to the cases now before us, we conclude that DUI is a lesser included offense of both vehicular assault-DUI and vehicular homicide-DUI, and thus, defendants' DUI convictions must merge into the greater offenses. We further conclude that in not merging such offenses, the trial courts here plainly erred and that reversal of the multiplicitous convictions is therefore required.

¶5 Accordingly, we affirm the divisions' rulings in People v. Reyna-Abarca, No. 10CA637 (Colo. App. Aug. 1, 2013), and People v. Hill, No. 12CA168 (Colo. App. Aug. 8, 2013), that appellate courts review unpreserved double jeopardy claims for plain error, but we reverse the portions of the judgments in those cases concluding that DUI is not a lesser included offense of vehicular assault-DUI, and we remand for further proceedings consistent with this opinion. Similarly, we reverse the portion of the judgment in People v. Medrano-Bustamante, 2013 COA 139, ___ P.3d ___,

5

concluding that DUI is not a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI, and we remand for further proceedings. We affirm the judgments in those cases in all other respects, and we affirm in full the judgment in People v. Smoots, 2013 COA 152, ___ P.3d ___.

## I. Facts and Procedural History

¶6 We begin by discussing the pertinent facts and procedural histories of each of the cases now before us.

## A. Reyna-Abarca

¶7 The People charged Mario Reyna-Abarca by complaint and information with six counts arising from a motor vehicle accident. Among those counts were DUI and vehicular assault-DUI. Reyna-Abarca did not object to these counts pursuant to Crim. P. 12(b)(2), which provides, as pertinent here, that objections based on defects in the charging document may be raised only by motion and that the failure to present such an objection constitutes a waiver thereof.

¶8 A jury ultimately found Reyna-Abarca guilty of, among other things, both DUI and vehicular assault-DUI. At no time prior to or during the sentencing proceedings did Reyna-Abarca contend that his convictions for both DUI and vehicular assault-DUI violated his double jeopardy rights under either the United States or Colorado Constitutions.

¶9 Reyna-Abarca appealed and argued for the first time that DUI is a lesser included offense of vehicular assault-DUI, thereby requiring that his DUI conviction merge into his vehicular assault-DUI conviction. The People disagreed, arguing that

6

DUI is not a lesser included offense of vehicular assault-DUI because DUI is not established by proof of the same or less than all of the facts required to prove vehicular assault-DUI.

¶10 In a unanimous, unpublished decision, the court of appeals division reviewed Reyna-Abarca's claim for plain error. Reyna-Abarca, slip op. at 15. In considering whether Reyna-Abarca's DUI conviction was a lesser included offense of vehicular assault-DUI, the division began by applying the version of the strict elements test providing that "one offense is a lesser included of another offense when all of the essential elements of the lesser offense comprise a subset of the essential elements of the greater offense, such that it is impossible to commit the greater offense without also committing the lesser." Id. at 21.

¶11 Applying that test to Reyna-Abarca's convictions, the division observed that the definition of "motor vehicle" for purposes of vehicular assault-DUI is "materially different" from the definition of "motor vehicle" that applies to DUI. Id. at 23. Specifically, the division noted that vehicular assault-DUI can be committed with a boat or a plane, whereas DUI, which can be committed only in a self-propelled vehicle that is designed primarily for travel on the public highways, cannot. Id. As a result, the division concluded that it is possible to commit vehicular assault-DUI without also committing DUI, and thus, the latter is not a lesser included offense of the former. Id. at 23–24.

¶12 We subsequently granted Reyna-Abarca's petition for certiorari review.

7

## B. Hill

¶13    The People charged Dallas Cameron Hill with a number of counts arising from a motor vehicle accident including, as pertinent here, vehicular assault-DUI and DUI. As in Reyna-Abarca, Hill did not file any objections to these charges under Crim. P. 12(b)(2).

¶14    A jury ultimately found Hill guilty of, among other things, both the vehicular assault-DUI and DUI charges. At no point during or prior to sentencing did Hill specifically assert that his convictions for both vehicular assault-DUI and DUI violated double jeopardy principles.

¶15    Hill appealed, arguing that his DUI conviction should merge into his vehicular assault-DUI conviction because DUI is a lesser included offense of vehicular assault-DUI. The People contended that Hill had waived this claim by not objecting at trial to defects in the information under Crim. P. 12(b)(2). Alternatively, they argued that DUI is not a lesser included offense of vehicular assault-DUI because (1) vehicular assault-DUI can be committed by driving or operating a motor vehicle, whereas DUI requires proof that the defendant was driving a motor vehicle, and (2) "motor vehicle" is defined more narrowly in the traffic code than in the criminal code, such that DUI requires that the defendant drive a self-propelled device designed primarily for travel on the public highways, whereas vehicular assault-DUI can be committed by driving or operating any self-propelled device by which persons or property may be transported by land, water, or air. The People thus argued that merger was inappropriate.

8

¶16    In a unanimous, unpublished decision, the division rejected the People's contention that Hill had waived his merger claim by not filing an objection at trial under Crim. P. 12(b)(2). Hill, slip op. at 2. The division instead determined that errors resulting in double jeopardy violations implicate fundamental rights, are obvious, and affect the fairness and integrity of the proceedings, thus warranting plain error review. Id. at 15–16.

¶17    The division then proceeded to apply the version of the strict elements test providing that "an offense is included in another offense if establishing the statutory elements of the greater offense necessarily establishes all the elements of the lesser offense." Id. at 17. Applying this test to Hill's convictions, the division agreed with the People that because the criminal code's definition of "motor vehicle" is broader than the traffic code's definition of "motor vehicle," vehicular assault-DUI can be committed in ways that DUI cannot, and thus, a defendant can commit vehicular assault-DUI without necessarily committing DUI. Id. at 19–22. Accordingly, the division concluded that DUI is not a lesser included offense of vehicular assault-DUI. Id. at 22.

¶18    Hill petitioned this court for a writ of certiorari on the issue of whether DUI is a lesser included offense of vehicular assault-DUI. The People cross-petitioned on the issue of whether a double jeopardy claim can be raised for the first time on appeal. We granted both petitions.

## C. **Smoots**

¶19    The People charged Ruben Charles Smoots with a number of counts arising from a motor vehicle accident, including, as pertinent here, vehicular assault-DUI and DUI.

9

As in both <u>Reyna-Abarca</u> and <u>Hill</u>, Smoots did not challenge the charges under Crim. P. 12(b)(2).

¶20 A jury ultimately found Smoots guilty of both DUI and vehicular assault-DUI. Smoots did not contend during or prior to sentencing that his convictions for both DUI and vehicular assault-DUI violated his double jeopardy rights.

¶21 Smoots appealed and argued for the first time that DUI is a lesser included offense of vehicular assault-DUI and, thus, his convictions for both violated double jeopardy principles. As in <u>Hill</u>, the People contended that (1) Smoots had waived his double jeopardy claim by not filing an objection at trial pursuant to Crim. P. 12(b)(2) and (2) alternatively, DUI is not a lesser included offense of vehicular assault-DUI because vehicular assault-DUI can be committed by operating a car, truck, boat, or plane, whereas DUI can be committed only by driving a vehicle intended for use on public highways.

¶22 In a published decision, the division unanimously rejected the People's contention that Smoots had waived his double jeopardy claim by not raising it under Crim. P. 12(b)(2). <u>Smoots</u>, ¶ 15. The division instead reviewed the unpreserved double jeopardy challenge for plain error. <u>Id.</u> at ¶ 14. The division split, however, on the merits of Smoots's double jeopardy claim. As pertinent here, the majority applied the version of the strict elements test providing that a party establishes that one crime is a lesser included offense of another "by showing that proof of the same or less than all of the facts required to establish commission of the greater offense will also establish commission of the lesser offense." <u>Id.</u> at ¶¶ 16, 23. The majority ultimately determined

10

that although the definition of "motor vehicle" that applies to vehicular assault-DUI is broader than the definition that applies to DUI, and although vehicular assault-DUI can be committed by either operating or driving a motor vehicle whereas DUI can be committed only by driving, Smoots's act of driving a car under the influence of alcohol satisfied elements common to both statutes. Id. at ¶¶ 21–23. Accordingly, the majority concluded that Smoots's conviction for vehicular assault-DUI necessarily included his conviction for DUI, and therefore, the division vacated Smoots's DUI conviction. Id. at ¶¶ 24–25.

¶23 Judge Furman specially concurred, expressing his view that the version of the strict elements test set forth in Boulies v. People, 770 P.2d 1274, 1278–81 (Colo. 1989), was more appropriate for cases like the present one, which involve a greater offense statute that provides alternative bases for prosecution. Id. at ¶ 26 (Furman, J., specially concurring). Accordingly, Judge Furman would have analyzed the charges actually brought in this case before comparing the statutory elements of the offenses. Id. at ¶¶ 27–28. Applying that analysis led him to conclude that DUI is a lesser included offense of vehicular assault-DUI. Id. at ¶ 29.

¶24 Judge Miller dissented. As pertinent here, he agreed with the analyses adopted by the divisions in Reyna-Abarca, Hill, and Medrano-Bustamante and thus concluded that DUI is not a lesser included offense of vehicular assault-DUI. Id. at ¶¶ 33–39 (Miller, J., concurring in part and dissenting in part).

¶25 The People petitioned this court for certiorari review, and we granted that petition.

## D. **Medrano-Bustamante**

¶26 The People charged Jorge Arturo Medrano-Bustamante with, among other things, vehicular assault-DUI, vehicular homicide-DUI, and DUI. As in the above-described cases, Medrano-Bustamante did not object to the charges pursuant to Crim. P. 12(b)(2).

¶27 A jury ultimately found Medrano-Bustamante guilty on all of the charged counts, including the DUI, vehicular assault-DUI, and vehicular homicide-DUI counts. At no point prior to or during his sentencing did Medrano-Bustamante argue that his convictions on these counts violated double jeopardy principles.

¶28 Medrano-Bustamante appealed and argued for the first time that his DUI conviction constituted a lesser included offense of both his vehicular assault-DUI and vehicular homicide-DUI convictions. In this case, unlike the others now before us, the People conceded that DUI is a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI, thus requiring that Medrano-Bustamante's DUI conviction merge into his convictions for vehicular assault-DUI and vehicular homicide-DUI.

¶29 Notwithstanding the People's concession, in a published decision, a split division of the court of appeals rejected Medrano-Bustamante's contention. Medrano-Bustamante, ¶¶ 6–7. The majority began by defining the strict elements test to require a determination as to "whether the essential elements of DUI comprise a subset of the essential elements of vehicular assault-DUI or vehicular homicide-DUI, such that committing the greater offenses without also committing the lesser is impossible." Id. at ¶ 9. The majority then compared the elements of the respective

12

statutes and determined that because the criminal code's definition of "motor vehicle" is broader than the traffic code's definition of "motor vehicle," vehicular assault-DUI and vehicular homicide-DUI can be committed in ways that DUI cannot. <u>Id.</u> at ¶ 14. Accordingly, the majority concluded that the trial court did not err in entering Medrano-Bustamante's separate convictions for vehicular assault-DUI, vehicular homicide-DUI, and DUI. <u>Id.</u> at ¶ 16.

¶30 Judge Webb concurred in part and dissented in part. As pertinent here, he concluded that as a practical matter, the merger question had not been briefed, and he perceived no compelling reason to take up an issue that the People had conceded. <u>Id.</u> at ¶¶ 98–100 (Webb, J., concurring in part and dissenting in part).

¶31 Judge Bernard also wrote separately, concurring in the portions of the judgment at issue here but dissenting from portions of the judgment not before us. <u>Id.</u> at ¶¶ 101–03 (Bernard, J., concurring in part and dissenting in part).

¶32 We subsequently granted Medrano-Bustamante's petition for certiorari.

## II. Analysis

¶33 We begin our analysis by assessing whether courts can review double jeopardy claims raised for the first time on appeal. Concluding that they can, we next clarify the proper articulation of the strict elements test that courts should apply when evaluating whether one offense is a lesser included offense of another. Finally, we apply that test to the four cases now before us and conclude that DUI is a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI.

13

## A. Appellate Review of Unpreserved Double Jeopardy Claims

¶34    The question of whether an unpreserved double jeopardy claim can be reviewed for the first time on appeal is one that has resulted in substantial disagreement among divisions of our court of appeals.  Compare, e.g., People v. Cooper, 205 P.3d 475, 478 (Colo. App. 2008) (declining to address defendant's unpreserved double jeopardy claim), and People v. Novitskiy, 81 P.3d 1070, 1073 (Colo. App. 2003) (same), with People v. Tillery, 231 P.3d 36, 47–48 (Colo. App. 2009) (reviewing defendant's unpreserved double jeopardy claim for plain error under Crim. P. 52(b)), aff'd sub nom. People v. Simon, 266 P.3d 1099 (Colo. 2011), and People v. Cruthers, 124 P.3d 887, 890 (Colo. App. 2005) (same).  See generally People v. Greer, 262 P.3d 920, 933–35 (Colo. App. 2011) (J. Jones, J., concurring) (collecting cases and discussing the split among divisions of the court of appeals regarding whether to review unpreserved constitutional claims on appeal).

¶35    Much of the divisions' disagreement appears to stem from the apparent inconsistency between the plain language of Crim. P. 52(b), which provides, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court," and our statement in People v. Cagle, 751 P.2d 614, 619 (Colo. 1988), that "[i]t is axiomatic that this court will not consider constitutional issues raised for the first time on appeal."

¶36    In Cagle, the defendant claimed that a Colorado statute prohibiting possession of a Schedule I controlled substance was unconstitutional because it carried a greater penalty than the statute involving felony use of a Schedule I controlled substance.  Id. at

14

618–19. The People argued that the defendant had not properly preserved this issue for review, but we disagreed, noting that when, as in the case then at bar, the defendant had challenged the constitutionality of the statute under which he was convicted prior to sentencing, the claim was properly preserved for appeal. Id. at 619. Accordingly, our above-referenced statement that we will not consider constitutional issues raised for the first time on appeal was dictum and ultimately had no bearing on our reasoning or conclusion in Cagle. See id. We therefore do not view that statement as controlling on the question of whether courts may review unpreserved double jeopardy claims for the first time on appeal.

¶37 Instead, we conclude that Crim. P. 52(b) applies here. As noted above, Crim. P. 52(b) allows courts to notice "[p]lain errors or defects affecting substantial rights," even though such errors were not brought to the attention of the trial court. This rule does not distinguish between constitutional and nonconstitutional errors, and we perceive no reason to read in such a distinction here. See Hagos v. People, 2012 CO 63, ¶ 14, 288 P.3d 116, 120.

¶38 We are not persuaded otherwise by the People's contentions in Hill, Reyna-Abarca, and Smoots that the divisions erred in reviewing those defendants' double jeopardy claims for plain error because the defendants had waived their claims by failing to object pursuant to Crim. P. 12(b)(2).[2]

---

[2] Although the People also raised this issue in their briefs in Medrano-Bustamante, we granted certiorari in that case only on the question of whether DUI is a lesser included offense of vehicular assault-DUI or vehicular homicide-DUI. Accordingly, the waiver issue is not before us in that case.

¶39 Crim. P. 12(b)(2) provides, in pertinent part:

> Defenses and objections based on defects in the institution of the prosecution or in the indictment or information or complaint, or summons and complaint, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion . . . . Failure to present any such defense or objection constitutes a waiver of it, but the court for cause shown may grant relief from the waiver.

¶40 The People assert that Crim. P. 12(b)(2) applies here because defendants' claims that they could not be convicted of both DUI and either vehicular homicide-DUI or vehicular assault-DUI constituted objections to errors that were based on, or that flowed from, the charging documents. The People further contend that even though the potential harm from a defect in the charging document might not be realized until the defendant is actually convicted of multiplicitous charges, the defendants still must "bookmark" their challenges at the pleadings stage. For several reasons, we are unpersuaded.

¶41 First, as the People concede, prosecutors are permitted to charge in an information multiple claims arising from the same set of facts. See § 18-1-408(1), C.R.S. (2016) ("When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense."); Woellhaf v. People, 105 P.3d 209, 214 (Colo. 2005) (noting that multiplicitous counts are not fatal to an indictment). Accordingly, the mere fact that the People charged an offense and also a lesser included offense does not render the charging document defective. Cf. Ball v. United States, 470 U.S. 856, 865 (1985) (indicating that although the prosecution was

16

permitted to bring a multi-count indictment arising from a single act, the defendant could not suffer two convictions or sentences on that indictment).

¶42    Second, as defendants observe, a double jeopardy claim does not arise in circumstances such as those at issue here until the defendant is <u>convicted</u> of both a greater and lesser included offense.  <u>See, e.g.</u>, <u>Greer</u>, 262 P.3d at 929 ("[T]he double jeopardy claim ripens only upon conviction of multiple offenses[.]").  Therefore, at the pleadings stage, defendants had no viable double jeopardy claim to raise under Crim. P. 12(b)(2).

¶43    Third, we perceive nothing in Crim. P. 12(b)(2) that requires a defendant to file a motion regarding any error that might later flow from the charging document, including, allegedly, a double jeopardy error.  The People appear to premise their argument to the contrary on the phrase, "objections <u>based on</u> defects in the institution of the prosecution or in the indictment or information or complaint, or summons and complaint."  Crim. P. 12(b)(2) (emphasis added).  In the People's view, a double jeopardy claim is "based on" a defect in the charging document because it flows from an alleged defect in the charging document.  We, however, disagree with the People's premise.  Specifically, for the reasons set forth above, merely charging multiple counts is proper and, thus, does not constitute a defect in the charging document.  Accordingly, a later-arising double jeopardy issue is not based on, and does not flow from, any defect in the charging document.  To conclude otherwise would substantially expand the reach of Crim. P. 12(b)(2).  Because the plain language of that rule does not support the broad interpretation that the People advance, however, and because we

must construe the rules of criminal procedure "to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay," Crim. P. 2, we reject the People's interpretation.

¶44 Fourth, we have seen no applicable authority, and the People cite none, supporting their contention that defendants must "bookmark" a future double jeopardy claim at the pleadings stage. Indeed, the People cite no area of law in which parties are required to take action to preserve an issue before the issue has arisen and before any error has occurred. Nor can we discern what a trial court is to do with a motion that would serve no purpose other than to "bookmark" an issue that might never arise. The purpose of a motion is to request some relief from the court. The motion that the People envision here would not serve this purpose, and therefore, we will not read Crim. P. 12(b)(2) to require such a motion.

¶45 For these reasons, we reject the People's contention that the defendants waived their double jeopardy claims by not filing motions under Crim. P. 12(b)(2).

¶46 In concluding that unpreserved double jeopardy claims are reviewable for plain error, we also are unpersuaded by the argument made by several of the defendants that double jeopardy violations amount to structural error and thus the divisions below erred in applying plain error review. Defendants cite no applicable law supporting their view that a double jeopardy violation falls within the limited class of fundamental constitutional errors that have been deemed to be structural errors. See Krutsinger v. People, 219 P.3d 1054, 1058 n.1 (Colo. 2009) (noting the types of errors that have been designated structural errors). Nor do we perceive anything in Lucero v. People, 2012

18

CO 7, 272 P.3d 1063, on which the defendants rely, as precluding plain error review in the circumstances presented here. In Lucero, we concluded that because an illegal sentence can be corrected at any time, the court of appeals division had erred in relying on the plain error rule to bar the defendant from obtaining relief from his illegal sentence. See id. at ¶ 23, 272 P.3d at 1066. In contrast, in the cases now before us, we have specifically concluded that the defendants are entitled to review of their unpreserved double jeopardy claims. Lucero is thus inapposite.

¶47 Accordingly, we conclude that an appellate court may review an unpreserved double jeopardy claim and that the court should ordinarily review such a claim for plain error. We thus proceed to the merits of defendants' claims.

### B. Merits of the Defendants' Double Jeopardy Claims

¶48 In addressing the merits of defendants' double jeopardy claims, we first address the applicable standard for determining whether one offense is a lesser included offense of another. We then proceed to apply that standard to the facts presented.

### 1. Test for Lesser Included Offenses

¶49 The Double Jeopardy Clauses of the United States and Colorado Constitutions provide that an accused shall not be twice placed in jeopardy for the same offense. U.S. Const. amends. V, XIV; Colo. Const. art. II, § 18. These clauses protect an accused not only from facing a second trial for the same offense but also from suffering multiple punishments for the same offense. See Whalen v. United States, 445 U.S. 684, 688 (1980); Woellhaf, 105 P.3d at 214. The Double Jeopardy Clauses, however, do not prevent the General Assembly from specifying multiple punishments based on the same criminal

19

conduct. <u>Woellhaf</u>, 105 P.3d at 214. The power to define criminal offenses and to prescribe the punishments to be imposed on those found guilty of them rests exclusively with the legislature. <u>See</u> <u>Whalen</u>, 445 U.S. at 689.

¶50 Thus, to determine whether punishments imposed by a court after a defendant's conviction are constitutionally proper, we must determine what punishments the legislature has authorized. <u>See</u> <u>id.</u> at 688. If the legislature has not conferred specific authorization for multiple punishments, then double jeopardy principles preclude the imposition of multiple punishments. <u>Woellhaf</u>, 105 P.3d at 214. In this regard, the double jeopardy clauses embody the constitutional principle of separation of powers by ensuring that courts do not exceed their own authority by imposing multiple punishments not authorized by the legislature. <u>See</u> <u>Whalen</u>, 445 U.S. at 689.

¶51 As pertinent here, the General Assembly has determined that when a defendant's conduct establishes the commission of more than one offense, he or she may be <u>prosecuted</u> for each such offense. <u>See</u> § 18-1-408(1). If one offense is included in the other, however, then the defendant may not be <u>convicted</u> of both. <u>See</u> § 18-1-408(1)(a). One offense is included in an offense charged in the information when, as pertinent here, "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." § 18-1-408(5)(a).[3]

---

[3] We note that section 18-1-408(5)(c) provides that one offense is included in an offense charged in an information when it differs from the offense charged "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Although defendants contend that this subsection applies here because DUI differs from vehicular assault-DUI and vehicular homicide-DUI only by the degree of injury required to prove

¶52    The question thus becomes how courts should evaluate whether one offense is a lesser included offense of another within the meaning of section 18-1-408(5)(a).

¶53    We have consistently answered this question by applying what we have deemed a "statutory elements" or "strict elements" test. See People v. Rivera, 525 P.2d 431, 433–34 (Colo. 1974). Under this test, we compare the elements of the two criminal statutes rather than the specific evidence used to sustain the charges. Id.

¶54    We acknowledge, however, that we arguably have not been consistent in defining this strict elements test. In some cases, we have referenced a version of the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), which provided that courts must analyze "whether each provision requires proof of a fact which the other does not." See, e.g., People v. Henderson, 810 P.2d 1058, 1061 (Colo. 1991). In other cases, we have said that the appropriate inquiry is whether proof of the essential elements of the greater offense necessarily establishes the elements required to prove the lesser offense. See, e.g., Armintrout v. People, 864 P.2d 576, 579 (Colo. 1993). And in still other cases, we have explained that under the statutory or strict elements test, "one offense is a lesser included of another offense when all of the essential elements of the lesser offense comprise a subset of the essential elements of the greater offense, such that it is impossible to commit the greater offense without also committing the lesser." People v. Garcia, 940 P.2d 357, 360 (Colo. 1997).

---

its commission, we need not reach this argument because we resolve defendants' claims under subsection (a).

21

¶55     Although these tests have generally, and appropriately, focused our inquiry on the elements of the statutes at issue rather than on the evidence presented to prove the charges, these tests have proved unworkable in certain circumstances, as, for example, when a greater offense (e.g., felony murder) can be committed in multiple ways. See, e.g., § 18-3-102(1)(b), C.R.S. (2016) (defining felony murder and listing the offenses that could provide the predicate offenses therefor).    In such a case, under the above-described versions of the strict elements test, one offense can arguably never be a lesser included offense of the greater offense because, comparing only the elements of the respective offenses, (1) both offenses invariably require proof of a fact that the other does not, (2) proof of the greater offense does not necessarily establish the lesser offense, and (3) it is not impossible to commit the greater offense without also committing the lesser offense.

¶56     We confronted this problem in Boulies, 770 P.2d at 1275–82.  In that case, a jury convicted the defendant of (1) felony murder with a predicate offense of robbery and (2) aggravated robbery.  Id. at 1277.  The defendant eventually filed for post-conviction relief under Crim. P. 35(c) and challenged his convictions on, as pertinent here, double jeopardy grounds.  Id.  When the matter reached the court of appeals, the division applied the Blockburger test and concluded that aggravated robbery and felony murder were not the "same offense."  Id.  In reaching this conclusion, the division reasoned that felony murder required only that a murder occur during the perpetration or attempt to perpetrate a robbery, whereas aggravated robbery required additional elements, including a dangerous weapon and intent, if resisted, to kill, maim, or wound another

22

person. Id. The division thus determined that it was possible to commit felony murder without also satisfying the elements of aggravated robbery and vice versa. Id. Accordingly, the division discerned no double jeopardy violation resulting from convictions on both counts. Id.

¶57 We granted certiorari review and reversed, relying principally on a unit of prosecution analysis to conclude that aggravated robbery is, in fact, a lesser included offense of felony murder-robbery. Id. at 1279–80. Specifically, we opined that the inclusion of the word "any" before the listed predicates in the felony murder statute reflected a legislative intent to authorize as the allowable unit of prosecution for felony murder all deaths committed in the perpetration or attempt to perpetrate any of the listed offenses, regardless of the particular degree attached to the underlying felony. Id. at 1280. Accordingly, under the felony murder statute, what was necessary for a conviction was the taking of a human life while perpetrating or attempting to perpetrate any of the enumerated felonies. Id. We then proceeded to conclude that the defendant's aggravated robbery conviction satisfied the "same offense" test because the predicate felony underlying the felony murder at issue was "the very same aggravated robbery" for which the defendant had been tried and convicted. Id. We thus concluded that the aggravated robbery conviction was a lesser included offense of the felony murder conviction. Id.

¶58 In reaching this conclusion in Boulies, we arguably strayed from the strict elements test, relying instead on the charges brought in that case and the proof marshalled to obtain the convictions at issue. See id. Accordingly, although we

23

continue to believe that the result in that case was correct, it is difficult to square our analysis with our repeated admonition that the proper test must focus on the elements of the crimes charged and not on the evidence presented in a particular case.

¶59 In light of the foregoing, it has become clear that our prior articulations of the strict elements test have not provided the clear and consistent guidance that we believe is necessary to allow our trial judges to assess with assurance questions like those now before us. Accordingly, we deem it appropriate to adopt a standard that can be applied readily and uniformly in all cases. In our view, the test articulated by the Supreme Court in Schmuck, 489 U.S. at 716, on which this court itself has previously relied, see, e.g., Garcia, 940 P.2d at 360, is well-suited to this task.

¶60 In Schmuck, 489 U.S. at 716, the Court adopted the elements "approach" for lesser included offenses. Under this approach, one offense is not necessarily included in another "unless the elements of the lesser offense are a subset of the elements of the charged offense." Id. Thus, for example, one offense is not a lesser included offense of another if the lesser offense requires an element not required for the greater offense. Id. For several reasons, we believe that this standard best comports with the principles to which the Double Jeopardy Clauses and section 18-1-408(5)(a) are directed.

¶61 First, the concept of a subset is intuitively and logically consistent with the plain meaning of "lesser included." See subset, Webster's Third New International Dictionary (2002) (defining "subset" as "a set . . . that is itself an element of a larger set"). The elements that comprise a subset are always fully included within the elements of the set of which the subset is a part.

24

¶62    Second, the test that we adopt today aligns directly with and gives force to the language of section 18-1-408(5)(a), which requires that a lesser included offense be established by proof of the <u>same or less than</u> all of the facts required to establish the greater offense.  This is true because, by definition, a subset contains only the same or fewer elements than the set of which it is a part.  <u>See</u> <u>subset</u>, <u>Webster's Third New International Dictionary</u>.  Thus, a subset can always be established by the same or fewer than all of the facts of the set of which it is a part.

¶63    Third, unlike some of our prior articulations of the elements test, the test that we adopt today captures those cases referenced above in which an allegedly greater offense can be committed in multiple ways, without requiring us to stray from our consistently articulated view that in deciding whether one offense is included in another, we must look only to the elements of the respective offenses.  For example, in a case like <u>Boulies</u>, 770 P.2d at 1280, rather than looking to how the offenses at issue were charged and the evidence presented, we would need to rely only on a comparison of the statutory elements of those offenses.  Under this approach, we would conclude that aggravated robbery is a subset of felony murder-robbery because as pertinent here, aggravated robbery falls within the universe of felonies that may be predicates of felony murder, which predicates include robbery of any degree. <u>See</u> <u>id.</u>

¶64    Accordingly, we hold that an offense is a lesser included offense of another offense if the elements of the lesser offense are a subset of the elements of the greater offense, such that the lesser offense contains only elements that are also included in the elements of the greater offense.

¶65     In so clarifying the applicable test for evaluating whether one offense is a lesser included offense of another, we acknowledge that our analysis calls into question the result that we reached in Meads v. People, 78 P.3d 290 (Colo. 2003). In Meads, we considered whether second degree aggravated motor vehicle theft as defined in section 18-4-409(4), C.R.S. (2016), is a lesser included offense of felony theft as defined in section 18-4-401(1)(a), C.R.S. (2016). Id. at 292. We began our analysis by noting that under the strict elements test, "if proof of facts establishing the statutory elements of the greater offense necessarily establishes all of the elements of the lesser offense, the lesser offense is included." Id. at 294. We added, however, that "if each offense necessarily requires proof of at least one additional fact which the other does not, the strict elements test is not satisfied." Id.

¶66     Applying that test in the case then before us, we observed that aggravated motor vehicle theft requires obtaining or exercising control over a motor vehicle whereas felony theft can be committed by obtaining or exercising control over any number of things of value that are not motor vehicles. Id. at 295. Accordingly, we concluded that the element of obtaining or exercising control over anything of value does not necessarily establish the element of obtaining or exercising control over a motor vehicle. Id. We thus opined that the strict elements test was not met and that second degree aggravated motor vehicle theft was not a lesser included offense of felony theft. Id. at 296.

¶67     Under the clarified version of the strict elements test that we adopt today, the result in Meads would have been different because as Justice Martinez observed in his

26

dissent in that case, a "motor vehicle" is always a thing of value under the felony theft statute. See id. at 296 (Martinez, J., dissenting). Accordingly, we disavow the conclusion that we reached in that case.

¶68 Having thus articulated the proper standard for determining whether one offense is a lesser included offense of another, we turn to the application of that standard to the cases before us.

## 2. Application

¶69 Applying our clarified articulation of the strict elements test to the present cases, we conclude that DUI is a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI and that convicting and sentencing defendants for both the lesser included and greater offenses amounted to plain error.

¶70 As pertinent here, vehicular assault-DUI is defined in the criminal code and requires proof that (1) the defendant operated or drove, (2) a motor vehicle, (3) while under the influence of alcohol, and (4) this conduct was the proximate cause of a serious bodily injury to another. § 18-3-205(1)(b)(I), C.R.S. (2016).

¶71 Vehicular homicide-DUI likewise is defined in the criminal code and requires proof that (1) the defendant operated or drove, (2) a motor vehicle, (3) while under the influence of alcohol, and (4) this conduct was the proximate cause of the death of another. § 18-3-106(1)(b)(I), C.R.S. (2016).

¶72 The criminal code defines "motor vehicle" to include, as pertinent here, "any self-propelled device by which persons or property may be moved, carried, or

transported from one place to another by land, water, or air." § 18-1-901(3)(k), C.R.S. (2016).

¶73 DUI, in contrast, is defined in the traffic code and requires proof that the defendant (1) drove, (2) a motor vehicle or vehicle, (3) while under the influence of alcohol. § 42-4-1301(1)(a), C.R.S. (2016)

¶74 The traffic code defines "motor vehicle," in pertinent part, as "any self-propelled vehicle that is designed primarily for travel on the public highways." § 42-1-102(58), C.R.S. (2016).

¶75 Based on these definitions, a DUI conviction requires proof that the defendant drove a self-propelled vehicle designed primarily for travel on the public highways while under the influence of alcohol. By comparison, the pertinent elements of vehicular assault-DUI and vehicular homicide-DUI require proof that the defendant operated or drove a self-propelled device by which persons or property may be moved, carried, or transported from one place to another by land, water, or air while under the influence of alcohol.

¶76 Applying our clarified test to these elements, we conclude that DUI is a lesser included offense of vehicular assault-DUI and vehicular homicide-DUI. We reach this conclusion for two reasons.

¶77 First, the elements of DUI comprise a subset of the elements of vehicular assault-DUI and vehicular homicide-DUI because (1) driving, as required for DUI, is, by definition, a subset of driving or operating, as required for vehicular assault-DUI and vehicular homicide-DUI, and (2) a vehicle designed primarily for travel on the public

28

highways is a subset of self-propelled devices that can move, carry, or transport people or property by land, water, or air.

¶78　Second, comparing the above-described elements reveals that DUI contains only elements that are also included in the elements of vehicular assault-DUI and vehicular homicide-DUI. Specifically, as pertinent here, DUI requires proof that a defendant <u>drove</u> a vehicle designed primarily for travel on the <u>public highways</u>. Vehicular assault-DUI and vehicular homicide-DUI can be committed by proof of those elements plus certain others.

¶79　In light of the foregoing, we conclude that (1) Reyna-Abarca's, Hill's, and Smoots's DUI convictions must merge into their vehicular assault-DUI convictions and (2) Medrano-Bustamante's DUI conviction should have merged into his vehicular assault-DUI and vehicular homicide-DUI convictions.

¶80　The question remains whether these double jeopardy violations constituted plain error under Crim. P. 52(b). We conclude that they did.

¶81　In both our own jurisprudence and in case law nationally, courts have invariably concluded that when a defendant's double jeopardy rights are violated for failure to merge a lesser included offense into a greater offense, such a violation requires a remedy. <u>See, e.g.</u>, <u>Brown v. Ohio</u>, 432 U.S. 161, 169 (1977) (reversing a defendant's conviction for the lesser included offense of joyriding); <u>United States v. Davenport</u>, 519 F.3d 940, 947–48 (9th Cir. 2008) (concluding that the trial court plainly erred in sentencing the defendant for violating both a lesser included and a greater offense on facts arising from the same incident and thus vacating the defendant's conviction and

29

sentence on the lesser included offense); United States v. Jackson, 443 F.3d 293, 301–02 (3d Cir. 2006) (same); Boulies, 770 P.2d at 1282 (reversing a conviction for the lesser included offense of aggravated robbery and remanding with directions to vacate that conviction and sentence).

¶82    In the cases now before us, the People have presented no compelling arguments as to why any double jeopardy errors that may have been committed here did not rise to the level of plain error. Nor have they offered a persuasive argument as to why, having found error, we should not follow the lead of the vast majority of cases and provide the defendants with a remedy.

¶83    Accordingly, we conclude that the defendants' DUI convictions cannot stand.

## III. Conclusion

¶84    For these reasons, we affirm the portions of the divisions' rulings in Reyna-Abarca and Hill regarding review of unpreserved double jeopardy claims for plain error; we reverse the portions of the judgments in those cases concluding that DUI is not a lesser included offense of vehicular assault-DUI; we affirm the remaining portions of the judgments in those cases; and we remand those cases for further proceedings consistent with this opinion.

¶85    Similarly, we reverse the portion of the judgment in Medrano-Bustamante concluding that DUI is not a lesser included offense of either vehicular assault-DUI or vehicular homicide-DUI; we otherwise affirm the judgment in that case; and we remand the case for further proceedings consistent with this opinion.

¶86    Finally, we affirm in full the judgment in Smoots.

**JUSTICE COATS** concurs in part and dissents in part, and **JUSTICE EID** and **JUSTICE BOATRIGHT** join in the concurrence in part and dissent in part.

JUSTICE COATS, concurring in part and dissenting in part.

¶87 Today the majority reconsiders almost a half-century of Colorado law, ultimately deeming it appropriate to adopt a new standard for evaluating whether one offense is included in another within the meaning of section 18-1-408(5)(a) of the 1972 Criminal Code, with the immediate consequence of expanding the reach of the double jeopardy bars of both the state and federal constitutions. In doing so, I believe the majority misinterprets the United States Supreme Court's construction of Fed. R. Crim. P. 31(c), governing a defendant's entitlement in the federal system to an instruction on an uncharged offense; draws a false equivalence between that standard, even according to the majority's own understanding, and the constitutional double jeopardy bar; and misreads our voluminous jurisprudence concerning the permissibility of convicting a defendant of offenses not named in the charging document, as well as the limitations on subjecting defendants to multiple convictions at the same proceeding.

¶88 I find particularly objectionable the majority's willingness to overrule (without so much as mentioning the time-honored principle of stare decisis, much less offering a justification for declining to adhere to it) Meads v. People, 78 P.3d 290 (Colo. 2003)—the sole case by this court, decided little more than a decade ago, litigating the precise question at issue today and expressly rejecting the solution advocated by today's majority. And finally, I fear that rather than a standard that can be readily and uniformly applied, the majority's new standard for identifying lesser included offenses not only upsets the long-established law and practice of this jurisdiction but will hold

1

untold and deleterious consequences for both defendants and the administration of justice alike. I therefore respectfully dissent from the majority's lesser offense analysis.

¶89 It is now well-established that the double jeopardy clauses of both the state and federal constitutions impact multiple convictions at the same proceeding only to the extent of expressing a presumption that the enacting legislature did not intend more than one conviction for the same offense, at the same proceeding, in the absence of some clear indication to the contrary. See Missouri v. Hunter, 459 U.S. 359, 366–69 (1983); People v. Lewis, 261 P.3d 480, 481–82 (Colo. 2011). Notwithstanding their statutory designations, two offenses are the same for constitutional purposes unless each requires proof of a fact that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932). Since 1972, by statute in this jurisdiction, the Colorado General Assembly has defined an included offense in terms far broader than the constitutional same-offense standard, see § 18-1-408(5), C.R.S. (2016);[1] see also People v. Raymer, 662 P.2d 1066, 1069 (Colo. 1983) (observing that section 18-1-408(5) codified a "substantially broader" test for a lesser included offense than that developed by pre-Criminal Code case law), and has protected criminal defendants from multiple convictions more broadly still both by barring convictions, whether simultaneous or not, of certain offenses that would not constitute the same or included offenses

---

[1] An offense is included in an offense charged in the indictment or the information when the former: "is established by proof of the same or less than all the facts required to establish the commission of the offense charged"; "consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein"; or "differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." § 18-1-408(5)(a)–(c).

according to either the statutory or constitutional standard, <u>see</u> § 18-1-408(1),[2] and by prohibiting consecutive sentences for conviction of a still broader class of offenses, based on the evidence offered to prove them, <u>see</u> § 18-1-408(3).

¶90    We have at times equated one particular aspect of our statutory, included-offense test with the constitutional, <u>Blockburger</u> same-offense standard. <u>See</u> § 18-1-408(5)(a); <u>People v. Leske</u>, 957 P.2d 1030, 1036 (Colo. 1998). In <u>People v. Meads</u>, we expressly considered the situation in which a less serious offense differs from a more serious offense not only by requiring proof of fewer facts, or elements, than the more serious offense but also by requiring proof of a specific instance, or example, of a more general category, or class, of conduct proscribed by the more serious offense. 78 P.3d at 293–94. In <u>Meads</u>, we held that for purposes of the <u>Blockburger</u> standard, embodied in our section 18-1-408(5)(a), the less serious offense is not the same as, or included in, the more serious offense because offenses related in this way each require proof of a fact the other does not—more particularly that by requiring proof of a narrower class of conduct or thing, the less serious offense requires proof of a fact the more serious offense does not. <u>Id.</u> at 294–95.

---

[2] When the conduct of a defendant establishes the commission of more than one offense, he may not be convicted of more than one offense if: "one offense is included in the other, as defined in [section 18-1-408(5)]"; "[o]ne offense consists only of an attempt to commit the other"; "[i]nconsistent findings of fact are required to establish the commission of the offenses"; "[t]he offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct"; or "[t]he offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods or instances of such conduct constitute separate offenses." § 18-1-408(1)(a)–(e).

3

¶91 In doing so, however, we also distinguished those situations in which the legislature has actually created multiple crimes, or units of prosecution, within a single rubric or statutory section, see Boulies v. People, 770 P.2d 1274, 1280–81 (Colo. 1989); we declined to address, because we were not faced with, the question whether, despite not involving the same or included offenses under the Blockburger standard, conviction of both offenses at issue in that case would nevertheless have been precluded for involving one offense proscribing a designated kind of conduct generally and another proscribing a specific instance of that conduct, see § 18-1-408(1)(d); and we expressly noted that because the thing of value satisfying the elements of the more serious offense in that case was actually a motor vehicle, as required to satisfy the elements of the less serious offense, the defendant could statutorily be, and actually was, sentenced to no more than a concurrent term of incarceration, see Meads, 78 P.3d at 296.

¶92 Quite apart from the feasibility of imposing multiple judgments of conviction or sentences on a defendant at a single proceeding, the question whether one offense is included in another separately impacts the ability of a jury, at the request of one party or the other, to convict of offenses not specifically presented in the charging document. In the federal system, Rule 31(c) of the Federal Rules of Criminal Procedure permits a defendant to be found guilty of an offense necessarily included in the offense actually charged, and that rule has been interpreted by the Supreme Court to reciprocally permit lesser included offense instructions, but only instructions on lesser included offenses, as requested by either the defense or prosecution. Although the Colorado Rules of Criminal Procedure contain a substantially identical Rule 31, there is no mutuality of

4

entitlement to present the jury with an instruction on a lesser uncharged offense in this jurisdiction.  As the result of pre-Criminal Code and pre-Rules case law, the prosecution is entitled to present the jury with only a lesser <u>included</u> offense, or its equivalent, <u>see</u> <u>People v. Garcia</u>, 940 P.2d 357 (Colo. 1997), <u>as modified on denial of reh'g</u> (Aug. 4, 1997); <u>People v. Barger</u>, 550 P.2d 1281 (Colo. 1976); <u>People v. Cooke</u>, 525 P.2d 426 (Colo. 1974), while a criminal defendant is entitled to a lesser offense instruction, whether included in the charged offense or not, <u>see</u> <u>People v. Rivera</u>, 525 P.2d 431, 434 (Colo. 1974), as long as the evidence at trial presents a rational basis to acquit of the greater charged offense and convict of the lesser added offense, <u>see</u> <u>People v. Aragon</u>, 653 P.2d 715, 720 n.5 (Colo. 1982).

¶93    Faced with the question whether a defendant was entitled to present the jury with an option to convict of an offense other than the "principal charge," this court, in <u>Rivera</u>, distinguished our test for determining whether one offense is included in another, which it characterized as the "statutory test," from what it referred to as the "evidentiary test," 525 P.2d at 433, but held that in any event, in the interest of permitting compromise and producing fairer verdicts, a criminal defendant should not be limited to instructions on lesser included offenses, <u>id.</u> at 434.  While the allowance of lesser non-included offense instructions by defendants has been explicitly criticized by the Supreme Court as hardly leading to reliable results, <u>see</u> <u>Hopkins v. Reeves</u>, 524 U.S. 88, 99 (1998), and clearly represents a minority position, <u>see generally</u> Ronald G. Donaldson, Annotation, <u>Lesser-Related State Offense Instructions: Modern Status</u>, 50 A.L.R. 4th 1081 (1986) (noting that acceptance of the concept of lesser non-included

5

offense instructions "has to date been limited in state courts"); see, e.g., People v. Birks, 960 P.2d 1073, 1082–90 (Cal. 1998) (California Supreme Court retreating from its prior allowance of lesser non-included offense instructions following Hopkins), this jurisdiction has steadfastly continued to permit it. Unlike the federal rule, with its essential feature of mutuality of entitlement to added offense instructions, in this jurisdiction it is therefore inconsequential whether a defendant's requested offense is included in the charged offense, under any standard.

¶94 Today the majority overrules our judgment to the contrary in Meads in reliance on an isolated sentence from a United States Supreme Court opinion solely addressing a defendant's entitlement to an instruction on an uncharged lesser included offense, under Fed. R. Crim. P. 31(c) of the federal system, and distinguishing an "elements approach" from an "inherent relationship approach" generally, without the slightest suggestion that its use of the word "subset" was intended to have implications for the double jeopardy problem at all, much less to address the particular nuance in application of that doctrine at issue here. See Schmuck v. United States, 489 U.S. 705, 716 (1989) (emphasis added) ("Under this test, one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense."). Not only did the Court not draw any connection between Rule 31(c) and the Blockburger test, sometimes referred to as the "same-elements test," see United States v. Dixon, 509 U.S. 688, 696 (1993), other than by describing it as an "elements approach" or "elements test," but more importantly, it clearly used the term "subset" in

6

reference to the offense as "charged in the indictment," <u>Schmuck</u>, 489 U.S. at 719, rather than as more broadly defined by statute.

¶95 In the sentence immediately following its use of the term "subset," the Court explains that "[w]here the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." <u>Id.</u> at 716. The entire thrust of the Court's rejection of the inherent relationship approach in favor of the elements approach is that "[t]he elements test, in contrast, permits lesser offense instructions only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge." <u>Id.</u> at 718. At one point in its analysis, the Court even finds that the Ninth Circuit Court of Appeals unequivocally applied the elements test in holding: "'To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser.'" <u>Id.</u> at 719 (citation omitted). Unlike the subset theory of the majority, it is abundantly clear, and in fact the entire basis for its "elements approach" to interpreting the "necessarily included" language of the rule, that the Supreme Court would not sanction the addition of any offense as to which the defendant was not put on notice by the particular charge in the indictment, whether the lesser offense constituted a subset of the statutory definition of the charged offense or not.

¶96 In addition to the (at least) highly questionable nature of the majority's understanding of the Supreme Court's construction of the federal rule, as well as its attempt to apply that understanding to our own statutory scheme for quite different

7

purposes, the majority offers no suggestion of a change in circumstances sufficient to justify overruling a recent judgment of this court. On the contrary, the Supreme Court jurisprudence upon which it relies as the mainstay of its new standard was available to us at the time we rejected the majority's subset theory in Meads, and we had, in fact, already cited Schmuck favorably and relied on it, in the context in which it was intended—to determine whether a criminal defendant is put on notice to defend against a charged sentence enhancement factor, to the same extent as would be the case of an actual element of the charged offense. See Garcia, 940 P.2d at 360–64. In the absence of subsequent legislative action or conflicting jurisprudence by this court that might undermine our reasoning in Meads, the only significant change in circumstances would appear to be the makeup of the court. Cf. Mitchell v. W.T. Grant Co., 416 U.S. 600, 636 (1974) (Stewart, J., dissenting) ("A basic change in the law upon a ground no firmer than a change in our membership invites the popular misconception that this institution is little different from the two political branches of the Government. No misconception could do more lasting injury to this Court and to the system of law which it is our abiding mission to serve.").

¶97    I do not pretend that the questions of law and policy at issue in the cases before us today are easily resolved or are matters as to which reasonable minds cannot differ. They do, however, clearly implicate a host of interrelated considerations that have been the subject of litigation before the court of appeals, this court, and the Supreme Court of the United States for many years. Whether an enacting legislature intended to create more than one offense at all, and even if so, whether those offenses are for constitutional

8

purposes actually the same; whether the legislature has indicated with sufficient clarity that it intends cumulative convictions and punishments for constitutionally identical offenses proved at the same proceeding; whether separate punishments should be precluded even under some circumstances in which multiple convictions are permitted; and whether and under what circumstances a jury may consider and convict criminal defendants of offenses not actually charged are all questions implicated by the way in which offenses are identified as being either the same as or included in one another. Practical considerations concerning prosecuting, defending, and sentencing are all implicated by changes to the way these determinations are made. I for one am not inclined to upset settled expectations in virtually every aspect of the criminal justice system by abruptly altering existing law, whatever might be my preference if writing on a blank slate, for no better reason than to prevent an unpunishable misdemeanor driving offense from also appearing on the record of a defendant convicted of a felony for the same driving episode.

¶98 Despite agreeing with the majority's plain error analysis, I respectfully dissent from its adoption of a new lesser included offense standard and its holding that DUI is a lesser included offense of both vehicular assault-DUI and vehicular homicide-DUI.

I am authorized to state that JUSTICE EID and JUSTICE BOATRIGHT join in this concurrence in part and dissent in part.