The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jose ALVARADO–JUAREZ, Defendant–Appellant.

No. 06CA2529.

Colorado Court of Appeals, Div. I.

June 10, 2010.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Firm of Richard A. Hostetler, Richard A. Hostetler, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge FURMAN.

Defendant, Jose Alvarado–Juarez, appeals his convictions of extreme indifference murder, attempted extreme indifference murder, assault, and two counts of reckless endangerment. He contends his conviction under the extreme indifference murder statute violates equal protection guarantees. He also contends Colorado's pattern jury instruction defining reasonable doubt did not accurately convey the degree of certainty required to find him guilty. We affirm.

In the early morning hours, defendant was involved in a fight between two groups of people. An eyewitness testified that, during the fight, someone from defendant's group retrieved a semiautomatic .357 from defendant's car and a person by the name "Cheppy" fired the gun at least six times into a crowd, killing one person and injuring another.

At first, the police did not know who had shot the victims. However, a Crime Stoppers tip identified defendant as the shooter.

At trial, witnesses identified defendant—who also went by the nickname "Cheppy"—as the shooter. Defendant denied he fired the shots and claimed he did not know who had done so.

## I. Equal Protection

■ Defendant contends his conviction under the extreme indifference murder statute denied him equal protection because the reckless manslaughter statute prohibits identical conduct, yet punishes that conduct less severely. We disagree.

■ We review de novo the constitutionality of a statute. *Hinojos–Mendoza v. People,* 169 P.3d 662, 668 (Colo.2007).

■ In Colorado, "if a criminal statute pr[e]scribes different penalties for identical conduct, a person convicted under the harsher penalty is denied equal protection unless there are reasonable differences or distinctions between the proscribed behavior." *People v. Stewart,* 55 P.3d 107, 114 (Colo. 2002); *see also* Colo. Const. art. II, § 25.

■ "To determine whether two statutes proscribe identical conduct, we analyze the elements of each." *Stewart,* 55 P.3d at 115.

■ "Our primary task in construing statutes is to give effect to the legislative purpose underlying the enactment." *Id.* "To determine legislative intent, we first look to the statutory language itself, giving words and phrases their commonly understood meaning." *Id.*

A person commits extreme indifference murder if, "[u]nder circumstances evidencing an attitude of universal malice manifesting extreme indifference to the value of human life generally, he knowingly engages in conduct which creates a grave risk of death to a person, or persons, other than himself, and thereby causes the death of another." § 18–3–102(1)(d), C.R.S.2009.

A person commits reckless manslaughter if "[s]uch person recklessly causes the death of another person." § 18–3–104(1)(a), C.R.S. 2009. "A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(8), C.R.S. 2009.

We conclude defendant's conviction did not deny him equal protection because there is a significant difference between the elements of extreme indifference murder and reckless manslaughter: extreme indifference murder requires proof of "circumstances evidencing an attitude of universal malice manifesting extreme indifference to the value of human life generally." § 18–3–102(1)(d). That is, extreme indifference murder proscribes "acts that put at grave risk a number of individuals not targeted by the defendant, as well as acts putting at risk a single victim, without knowing or caring who that may be." *Candelaria v. People,* 148 P.3d 178, 182–183 (Colo.2006). Reckless manslaughter lacks that element, *see* § 18–3–104(1)(a), which is a reasonable difference upon which to base disparate punishment. *See People v. District Court,* 185 Colo. 78, 84, 521 P.2d 1254, 1257 (1974) ("an extreme indifference to human life is clearly a more culpable standard of conduct" than recklessness).

Accordingly, we conclude defendant's conviction under the extreme indifference murder statute did not deny him equal protection.

## II. Reasonable Doubt Instruction

 Defendant also contends Colorado's pattern reasonable doubt jury instruction inaccurately described the degree of certainty required to find defendant guilty. We disagree.

Defendant challenges the portion of the instruction defining a reasonable doubt as one that "would cause reasonable people to hesitate to act in matters of importance to themselves." *See* CJI–Crim. 3:04 (1983).

"We review jury instructions de novo to determine whether they accurately inform the jury of the governing law." *People v. Oram,* 217 P.3d 883, 893 (Colo.App.2009) (*cert. granted* Oct. 13, 2009).

While a trial court must instruct the jury that a defendant's guilt must be proved beyond a reasonable doubt, it need not use any particular language in doing so. *Victor v. Nebraska,* 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). "Rather, 'taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.'" *Id.* at 5, 114 S.Ct. 1239 (quoting *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954)).

"The Supreme Court has 'repeatedly approved' instructions describing [a] reasonable doubt as one that 'would cause a reasonable person to hesitate to act.'" *People v. Rubio,* 222 P.3d 355, 363 (Colo.App.2009) (*cert. granted* Jan. 11, 2010)(quoting *Victor,* 511 U.S. at 20, 114 S.Ct. 1239). In *Rubio,* a division of this court concluded the instruction's reference to "matters of importance," as opposed to "matters of utmost importance," accurately described proof beyond a reasonable doubt. *Id.* at 363–64.

We agree with the division in *Rubio,* and conclude Colorado's pattern reasonable doubt instruction accurately describes proof beyond a reasonable doubt. *See Holland,* 348 U.S. at 140, 75 S.Ct. 127 (expressing preference for language defining reasonable doubt as doubt that would cause a reasonable person to hesitate to act rather than doubt upon which a person would be willing to act, but upholding an instruction defining reasonable doubt as "the kind of doubt ... which you folks in the more serious and important affairs of your own lives might be willing to act upon"); *see also People v. Robb,* 215 P.3d 1253, 1262–1263 (Colo.App.2009)(holding Colorado's pattern instruction accurately defines reasonable doubt).

Because we conclude the instruction accurately described proof beyond a reasonable doubt, we need not consider whether the instruction's failure to do so constituted structural error.

The judgment is affirmed.

Judge TAUBMAN and Judge HAWTHORNE concur.