2012 CO 7

**Joseph Paul LUCERO, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 10SC72.**

Supreme Court of Colorado,
En Banc.

Feb. 13, 2012.

Douglas K. Wilson, Public Defender, Ned R. Jaeckle, Deputy Public Defender, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice HOBBS delivered the Opinion of the Court.

¶ 1 In this case, we accepted certiorari on two issues decided by the court of appeals in an unpublished opinion.

¶ 2 The first certiorari issue involves whether our decision in *Roberts v. People*, 203 P.3d 513 (Colo.2009), defining the allowable unit of prosecution for theft, can be applied on direct appeal when the defendant did not raise the issue at trial. The defendant in this case was charged and convicted of three counts of theft for incidents that occurred over a two month period aggregating more than $15,000.00. The statute in effect at the time allowed punishment for only one conviction of theft for acts occurring within a six month period.

¶ 3 The second certiorari issue, like the case decision we announce today in *Montez v. People*, 2012 CO 6, 269 P.3d 1228, involves construction of the deadly weapon definition of section 18–1–901(3)(e), C.R.S. (2011).[1] Applying *Montez*, we vacate Lucero's first degree burglary conviction.

¶ 4 Police suspected Joseph Lucero of committing several burglaries. Upon searching two premises where he had been living, the police found hundreds of stolen items, including several firearms. A jury convicted Lucero of first degree burglary and three counts of theft, among other crimes.

¶ 5 On the first certiorari issue, we hold that Lucero cannot be punished for all three alleged thefts. As in *Roberts*, the statute in effect at the time of Lucero's acts provided that multiple thefts within a six month period must be merged into a single theft conviction, in this case theft in the aggregate value of $15,000.00 or more.

¶ 6 On the second certiorari issue, we apply our decision in *Montez*, announced today. Section 18–1–901(3)(e) does not classify a firearm as a deadly weapon per se.

¶ 7 Accordingly, we reverse the judgment of the court of appeals and return this case to the trial court for resentencing consistent with this opinion.

1. The issues on certiorari read as follows:
   1. Whether the court of appeals properly declined to apply *Roberts v. People*, 203 P.3d 513 (Colo.2009), decided while this case was on direct appeal, and instead upheld the defendant's theft convictions by applying a plain error standard of review and finding no plain error.

2. Whether evidence from which it could be inferred that the defendant stole a gun, among other items, as part of a burglary satisfies the element of being "armed with a deadly weapon" under the first-degree burglary statute.

## I.

¶ 8 Between August 22 and September 18, 2000, Joseph Lucero broke into six homes and one automobile. At the time, Lucero was living with his wife and children in Fort Collins, Colorado, and just before that with his parents in Loveland, Colorado.

¶ 9 A police investigation of several burglaries implicated Lucero. The police, with warrants, searched both the Fort Collins and the Loveland residences. At the Fort Collins house, they found hundreds of stolen items; at the Loveland house, they found several firearms stolen from the home of William Conner.

¶ 10 The district attorney charged Lucero with fourteen crimes: first degree burglary, five counts of second degree burglary of a dwelling, three counts of theft, first degree criminal trespass (for the automobile), and four habitual criminal counts.

¶ 11 The first degree burglary information recited that it was charging Lucero with being "armed with a deadly weapon" during the burglary, "to-wit: handgun, rifles, and shotguns."

¶ 12 One count of theft, count IV, charged theft of rifles, shotguns, and a handgun from William Conner valued greater than five hundred dollars but less than fifteen thousand dollars.

¶ 13 Count V charged theft of "backpacks, camera, United States currency, cell phones, wallets, and miscellaneous personal property" from four other victims, valued greater than five hundred dollars but less than fifteen thousand dollars.

¶ 14 Count IX charged Lucero with theft from four additional victims, of "computer equipment, computer software, bicycles, police scanner, walkie talkies, cell phone battery, watch and miscellaneous personal property," valued at more than fifteen thousand dollars.

¶ 15 Lucero did not assert in the trial court that the three theft counts should have been aggregated into one under section 18-4-401(4), C.R.S. (2000).

¶ 16 The jury found Lucero guilty on all alleged counts. The trial court entered a judgment of conviction sentencing Lucero to 144 years in prison. The court of appeals affirmed.

## II.

¶ 17 On the first certiorari issue, we hold that Lucero cannot be punished for all three alleged thefts. As in *Roberts*, the statute in effect at the time of Lucero's acts provided that multiple thefts within a six month period must be merged into a single theft conviction, in this case theft in the aggregate value of $15,000.00 or more.

¶ 18 On the second certiorari issue, we apply our decision in *Montez*, announced today. Section 18-1-901(3)(e) does not classify a firearm as a deadly weapon per se.

### A. Standard of Review

¶ 19 We review questions of law de novo. *Montez*, ¶ 7. In matters of statutory construction, we effectuate the intent of the General Assembly, heeding the words the General Assembly has used in the applicable statutory provisions. *Id.* Both of the certiorari issues in this case involve statutory construction.

### B. Application of *Roberts* to this Case

¶ 20 A court has the power and the duty to correct an illegal sentence at any time. *People v. Rockwell*, 125 P.3d 410, 414 (Colo.2005). Sentences that are inconsistent with the statutory scheme outlined by the legislature are illegal. *Id.*

¶ 21 The theft statute in effect at the time Lucero committed the acts at issue in this case required "all thefts committed by the same person within a six-month period (except any for which jeopardy had already attached before he committed the others), to be joined and prosecuted as a single felony." *Roberts*, 203 P.3d at 516; *see* § 18-4-401(4), C.R.S. (2000);[2] *People v. Simon*, 266 P.3d

2. The 2000 statute read:
   When a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is five hundred dollars or more but

1099, 1108 (Colo.2011). The prosecution, in three separate counts, charged Lucero with multiple thefts that occurred within a two month period. Nevertheless, the court of appeals applied the plain error rule to prevent Lucero from enjoying on direct appeal the same relief we allowed Roberts, because Lucero did not ask at trial for the three theft counts to be combined into one.

¶ 22 The language of the statute effective in 2000, at the time of Lucero's thefts, appears to have originated in legislative acts of 1971 and 1977. *See* ch. 121, sec. 1, § 40–4–401(4), 1971 Colo. Sess. Laws 388, 428;[3] ch. 226, sec. 2, § 18–4–401(4), 1977 Colo. Sess. Laws 973.[4] In 2000, the statute was identical to the 1977 statute, except for updates to the threshold values of things stolen to qualify for different classes of felony.

■ ¶ 23 The court of appeals opinion bars Lucero from invoking *Roberts* based on his failure to raise the issue at trial. However, the sentencing the trial court imposed for theft was illegal and can be corrected either on direct appeal or post-conviction relief. *See Rockwell,* 125 P.3d at 414.

¶ 24 The trial court and the court of appeals have punished Lucero for three separate counts of theft when the legislature provided that he be punished for only one. *Cf.*

---

3. The 1971 act read:

> Where a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is *one hundred dollars or more*, it is a class 4 felony.
> (Emphasis added).

4. The 1977 act amended the 1971 statute to read:

> When a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is *two* hundred dollars or more *but less than ten thousand dollars*, it is a class 4 felony; *however,* if the aggregate value of the things involved is *ten* thousand dollars or more, it is a class 3 felony.
> (Emphasis added.)

---

*Patton v. People,* 35 P.3d 124 (Colo.2001) (vacating conviction where defendant entered a guilty plea and was sentenced for two convictions, based on the same transaction, while the General Assembly had authorized punishment for only one).

■ ¶ 25 Two of Lucero's theft counts were for items of the value of five hundred dollars or more but less than fifteen thousand dollars (counts IV and V); one was for items of the value of fifteen thousand dollars or more (count IX). Under the operative statute,[5] aggregated thefts of things of the value of fifteen thousand dollars or more, within a six month period, constituted a class 3 felony.

¶ 26 By proving count IX beyond a reasonable doubt, the prosecution established that Lucero stole items within a six month period worth more than fifteen thousand dollars. This triggers the class 3 felony penalty for the aggregated thefts. Because Lucero's guilt for the class 3 felony theft as aggregated, § 18–4–401(4), is implicit in his conviction for the count of class 3 felony theft (count IX), § 18–4–401(1)(a),[6] we merge the three theft convictions into one class 3 felony theft conviction for resentencing consistent with this opinion.

---

less than fifteen thousand dollars, it is a class 4 felony; however, if the aggregate value of the things involved is fifteen thousand dollars or more, it is a class 3 felony.
§ 18–4–401(4), C.R.S. (2000).

5. The operative statute is the one in effect in 2000, *supra* note 2, when Lucero committed the string of thefts. In 2007, the legislature amended the statute to read:

> When a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is *one thousand* dollars or more but less than *twenty* thousand dollars, it is a class 4 felony; however, if the aggregate value of the things involved is *twenty* thousand dollars or more, it is a class 3 felony.

Ch. 384, sec. 3, § 18–4–401(4), 2007 Colo. Sess. Laws 1690, 1690–91 (emphasis added); see § 18–4–401(4), C.R.S. (2011).

We presume that an act altering a criminal penalty is not retroactive. § 2–4–303, C.R.S. (2011); *People v. McCoy,* 764 P.2d 1171, 1174 (Colo.1988). Because the 2007 act includes no statement that it is intended to be retroactive, we conclude it is prospective only. § 2–4–303.

6. To be clear, these two subsections do not create separate crimes. The aggregation subsection (4) merely provides the proper punishment for the acts of theft as determinable from subsection (1).

¶ 27 After our holding in *Roberts,* the General Assembly amended section 18–4–401(4) to make the aggregation of theft crimes permissive rather than mandatory. Ch. 244, sec. 2, § 18–4–401(4), 2009 Colo. Sess. Laws 1099, 1099–100; *see* § 18–4–401(4), C.R.S. (2009). In correcting Lucero's illegal sentence to conform to the statute then in existence, we need not construe the intent or effect of this 2009 legislation.

## C. First Degree Burglary Conviction

¶ 28 In *Montez v. People,* also announced today, we held that the deadly weapon definition statute, section 18–1–901(3)(e), C.R.S. (2011), does not classify a firearm as a deadly weapon per se. 2012 CO 6, 269 P.3d 1228. As in *Montez,* the prosecution conceded at oral argument that if we construed the statute as such, Lucero's first degree burglary conviction could not stand. Applying our decision in *Montez,* we reverse Lucero's first degree burglary conviction.

¶ 29 Second degree burglary, § 18–4–203, C.R.S. (2011), is a lesser included offense of first degree burglary. *Armintrout v. People,* 864 P.2d 576, 582 (Colo. 1993). Even if the jury is not instructed as to a lesser included offense, the defendant is on notice of the charge and has his chance to defend against it. *People v. Patterson,* 187 Colo. 431, 437, 532 P.2d 342, 345. As in Montez, the only difference between first and second degree burglary relevant to the facts of this case is whether the burglar is armed with a deadly weapon. *Montez,* ¶ 22. We therefore remand for entry of conviction and sentencing for the lesser included offense of second degree burglary. *See Montez,* ¶ 23; *Patterson,* 187 Colo. at 437, 532 P.2d at 345–46.

## III.

¶ 30 Accordingly, we reverse the judgment of the court of appeals and return this case to the trial court for sentencing consistent with this opinion.