Opinion by JUDGE HAWTHORNE
¶ 1 Defendant, Angelita Sue Ramos, appeals her conviction for theft. Her argument presents an issue of first impression: Is the prosecution required to prove all thefts aggregated and charged in a single count under section 18-4-401(4)(a), C.R.S. 2016, to obtain a conviction? We answer this question yes in Part III, vacate the conviction, and remand with directions to enter a judgment of conviction on a lesser included offense.
I. Facts
¶ 2 Defendant was the treasurer of the Bennett Elementary School Parent, Teacher, and Student Association (PTSA). In 2013, the PTSA held the Believe Fundraiser, which involved students selling items from a catalogue. Defendant deposited the proceeds from these sales into the PTSA's bank account. After the fundraiser, the PTSA secretary *905 asked defendant how much money she had deposited into the organization's bank account. Defendant responded by text message that she had deposited $19,760.65. The secretary later discovered that only $16,473.21 had actually been deposited. When asked about the discrepancy, defendant said, "I'm so sorry this happened. Is there any way I can make it right?"
¶ 3 Defendant was charged with seven counts of theft and seven counts of forgery. She was acquitted of all charges except for Count 5-Theft (two or more within six months).
¶ 4 The verdict form for Count 5 required the jury to find whether defendant was guilty of "Theft (two or more within six months)" for cash taken from three different fundraisers and instructed the jury to then answer three interrogatories:
1. Did the defendant commit theft of money from the Fall 2013 Believe
Fundraiser? _____ Yes _____ No
2. Did the defendant commit theft of money from the October 2013
Scholastic Book Fair? _____ Yes _____ No
3. Did the defendant commit theft of money from the December
2013 Santa Workshop? _____ Yes _____ No
¶ 5 The jury found defendant guilty of Count 5, but it answered yes to only the Believe Fundraiser interrogatory. The court sentenced her to eighteen months of probation and ordered her to pay $3850.57 in restitution.
II. Sufficiency of the Evidence
¶ 6 Defendant contends that the evidence was insufficient to convict her of theft from the Believe Fundraiser. We disagree.
A. Standard of Review and Applicable Law
¶ 7 We review the record de novo to determine whether the evidence before the jury was sufficient both in quantity and quality to sustain a conviction. Clark v. People , 232 P.3d 1287, 1291 (Colo. 2010). In determining this, we use the substantial evidence test. Id. That test requires us to determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient for a reasonable person to conclude that the defendant is guilty of the crimes charged beyond a reasonable doubt. Id. We must give the prosecution the benefit of every reasonable inference that may fairly be drawn from the evidence. Dempsey v. People , 117 P.3d 800, 807 (Colo. 2005).
¶ 8 "A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization" and "[i]ntends to deprive the other person permanently of the use or benefit of the thing of value." § 18-4-401(1)(a). Theft is a "class 6 felony if the value of the thing involved is two thousand dollars or more but less than five thousand dollars." § 18-4-401(2)(f).
B. Analysis
¶ 9 Defendant argues that the jury was presented with no credible evidence that any funds were unlawfully misappropriated from the Believe Fundraiser and that the jury was given no basis other than speculation to determine the amount of money missing.
¶ 10 We conclude that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a reasonable person to conclude beyond a reasonable doubt that defendant committed theft from the Believe Fundraiser. This evidence included the following:
• Defendant sent a text message to the PTSA secretary stating that she had deposited $19,760.65 into the PTSA account.
• The secretary testified that $16,473.21 was actually deposited into the PTSA account.
• When confronted about the missing funds, defendant said that she was "sorry this happened" and that she wanted to "make it right."
¶ 11 Based on this evidence, a reasonable person could conclude that defendant knowingly retained funds from the Believe Fundraiser and intended to permanently deprive the PTSA of the value of the funds. Further, a reasonable juror could conclude that the *906 value of the funds taken was between $2000 and $5000.
III. Verdict Form
¶ 12 Defendant contends that the trial court erred in rejecting her proposed instruction paragraph for the verdict form. We agree that the trial court failed to accurately inform the jury of the law.
¶ 13 Defendant tendered a proposed verdict form that instructed the jury, "if you answer 'Yes' to less than two of the verdict questions, your verdict must be NOT GUILTY." The court rejected this proposed instruction, finding that "it is not an element [of Count 5] that there be two thefts chosen."
A. Standard of Review and Applicable Law
¶ 14 We review jury instructions de novo to determine whether they accurately informed the jury of the law. People v. Alvarado-Juarez , 252 P.3d 1135, 1137 (Colo. App. 2010). But, we review a court's decision to give a particular instruction for an abuse of discretion. People v. McClelland , 2015 COA 1, ¶ 14, 350 P.3d 976.
¶ 15 Statutory interpretation involves legal questions, which we review de novo. Smith v. Exec. Custom Homes, Inc. , 230 P.3d 1186, 1189 (Colo. 2010). The goal in interpreting a statute is to ascertain the General Assembly's intent. People v. Nance , 221 P.3d 428, 430 (Colo. App. 2009). If legislative intent is clear from the statute's plain language, other statutory interpretation rules need not be applied. Id. The statute's words must be given their plain and ordinary meanings. Town of Telluride v. Lot Thirty-Four Venture, L.L.C. , 3 P.3d 30, 35 (Colo. 2000). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Nance , 221 P.3d at 430 (citation omitted).
B. Theft Statute's Plain Language
¶ 16 Section 18-4-401(4)(a) states as follows:
When a person commits theft twice or more within a period of six months, two or more of the thefts may be aggregated and charged in a single count, in which event the thefts so aggregated and charged shall constitute a single offense , the penalty for which shall be based on the aggregate value of the things involved....
(Emphasis added.)
¶ 17 Defendant argues that the trial court misinterpreted the theft statute's plain language and erred by allowing her to be convicted under section 18-4-401(4)(a) despite the jury finding that she had committed only one of the three thefts aggregated in Count 5. The People respond that section 18-4-401(4)(a) does not create a new offense and simply functions as a sentence enhancer when a defendant commits multiple thefts. We agree with defendant's argument and conclude that section 18-4-401(4)(a)'s plain language requires the prosecution to prove all of the thefts aggregated into a single count.
¶ 18 Section 18-4-401(4)(a) explicitly states that if "two or more of the thefts [are] aggregated and charged in a single count, ... the thefts so aggregated and charged shall constitute a single offense." The statute's plain language indicates that charging multiple thefts in a single count creates "a single offense." Aggregating two or more thefts in a single count is a condition precedent to charging a defendant with "a single offense" under section 18-4-401(4)(a). Once a defendant has been charged with "a single offense" under section 18-4-401(4)(a), the jury must find that the defendant committed "the thefts so aggregated and charged" to find the defendant guilty. So, if the prosecution fails to prove that the defendant committed all "the thefts so aggregated and charged," it has not met its burden of proving every element of the "single offense" created by section 18-4-401(4)(a). See People v. Santana , 255 P.3d 1126, 1130 (Colo. 2011) ("It is the prosecution's burden to establish 'a prima facie case of guilt through introduction of sufficient evidence.' ") (citation omitted).
¶ 19 This reading is bolstered by the supreme court's decision in People v. Simon , 266 P.3d 1099, 1108 (Colo. 2011). There, the court contrasted section 18-4-401(4)(a) with sentence enhancing statutes authorizing "greater punishment for each incident of sexual *907 assault on a child." Id. The court found that those statutes' plain language did not "establish separate ... offenses." Id. Rather, the statutes authorized greater punishment for each incident committed as part of a pattern of sexual abuse. Id. The court reasoned that because the statutes functioned as sentence enhancers and did not establish separate offenses, they were "unlike the consolidated theft statute," which "expressly provides that when theft charges are aggregated, all such charges 'shall constitute a single offense.' " Id. (citation omitted).[1]
¶ 20 Our view of section 18-4-401(4)(a)'s plain language is further supported by the Colorado Model Jury Instructions. While we are not bound by the model jury instructions, they are persuasive. See Preface, COLJI-Crim. (2016) ("The Committee has endeavored to draft model instructions that accurately state the law in neutral language. However, the precise format and wording for instructions and verdict forms have never been mandated as a matter of positive law in Colorado, and this publication is neither a restatement nor a comprehensive summary of the law."); see also People v. Morales , 2014 COA 129, ¶ 42, 356 P.3d 972 ("While not binding, these pattern instructions and their accompanying comments are intended as guidelines and should be considered by trial courts."). The pertinent model instruction informs the jury that an element of theft under section 18-4-401(4)(a) is that the defendant "committed within a period of six months those thefts charged in the same count ." COLJI-Crim. 4-4:14 (2016) (emphasis added). The instruction further states that
[a]fter considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of theft (multiple thefts).
After considering all the evidence, if you decide the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt, you should find the defendant not guilty of theft (multiple thefts).
Id. The comments to the model instruction clarify that "[i]n the absence of appellate authority analyzing section 18-4-401(4)(a), the Committee has construed the provision as requiring proof of all thefts aggregated in the same count." Id. at cmt. 4.
C. Application
¶ 21 The trial court misapplied section 18-4-401(4)(a)'s plain language by concluding that the jury could convict defendant without finding that she committed the three thefts charged in Count 5. As discussed above, the statute requires the prosecution to prove that the defendant committed all "the thefts so aggregated and charged." § 18-4-401(4)(a). The court erred in failing to accurately inform the jury of the law because it did not instruct the jury as to this requirement and did not give the jury an appropriate clarifying instruction.
¶ 22 Defendant's tendered verdict form instruction would have informed the jury that it could not convict her if it found that she had committed theft only once within six months.[2] Because the jury only answered yes to one of the interrogatories, its verdict conflicts with section 18-4-401(4)(a)'s requirement that a defendant must have committed all "the thefts so aggregated and charged" to be found guilty. So, the jury improperly convicted defendant of aggregated theft without finding that she committed all three of the thefts aggregated in Count 5.
D. Remedy
¶ 23 A single act of theft is a lesser included offense of aggregated theft under section 18-4-401(4)(a). See Brown v. People , 239 P.3d 764, 767 (Colo. 2010) ("[T]he greater offense must establish every essential element of the lesser included offense.") (citation *908 omitted). As discussed above, section 18-4-401(4)(a)'s plain language requires the prosecution to prove all of the thefts aggregated into a single count. To meet this burden, the prosecution needed to prove that defendant committed all three acts of theft alleged in Count 5. Thus, the single "theft of money from the Fall 2013 Believe Fundraiser" is a lesser included offense of aggregated theft under section 18-4-401(4)(a).
¶ 24 Where all of the essential elements of a lesser included offense are established by abundant evidence, it is proper to enter a conviction for the lesser included offense. People v. Sepulveda , 65 P.3d 1002, 1007-08 (Colo. 2003) (holding that "because the jury verdict on first-degree murder, absent the tainted element of 'after deliberation' established all of the elements of second-degree murder" it was proper on remand for "the trial court to enter a conviction for that charge"). The interrogatories demonstrate that the prosecution proved the essential elements of the lesser included offense of theft under section 18-4-401(1), (2)(f) -"theft of money from the Fall 2013 Believe Fundraiser." We therefore vacate the judgment of conviction for theft under section 18-4-401(4)(a) and remand to the trial court with directions to enter a conviction for a single count of theft under section 18-4-401(1), (2)(f). See id. ; see also People v. Smith , 121 P.3d 243, 248 (Colo. App. 2005) (holding that, although the "defendant was not guilty of theft from a person, ... defendant's actions, as found by the jury, constitute[d] theft pursuant to [ section] 18-4-401(1)").
IV. Secretary's Testimony
¶ 25 Defendant contends that the trial court erred in admitting the PTSA secretary's testimony. We disagree.
A. Standard of Review and Applicable Law
¶ 26 We review a trial court's evidentiary rulings for an abuse of discretion. People v. Stewart , 55 P.3d 107, 122 (Colo. 2002).
¶ 27 CRE 701, which governs the admission of opinion testimony by a lay witness, provides as follows:
If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
¶ 28 In determining whether testimony is lay testimony under CRE 701 or expert testimony under CRE 702, the trial court must look to the opinion's basis. Venalonzo v. People , 2017 CO 9, ¶ 23, 388 P.3d 868. If a witness provides testimony that could be expected to be based on an ordinary person's experiences or knowledge, then the witness is offering lay testimony. Id. If a witness provides testimony that could not be offered without specialized experiences, knowledge, or training, then the witness is offering expert testimony. Id. A witness does not need to be qualified as an expert to testify about "a relatively simple mathematical problem that involve[s] 'a process of reasoning familiar in everyday life.' " Specialized Grading Enters., Inc. v. Goodland Constr., Inc. , 181 P.3d 352, 357 (Colo. App. 2007) (citation omitted).
B. Analysis
¶ 29 Defendant argues that the secretary's testimony was not admissible as lay testimony because she "offered 'opinion, inferences, and conclusions' regarding how much money the Believe fundraiser and others 'should have made' which she encapsulated in her professional-looking summary flowcharts stating her 'verified' opinion of how much money was 'missing.' "
¶ 30 This argument misconstrues the secretary's testimony. She did not testify regarding how much money the Believe Fundraiser should have made. Instead, she testified to the difference between what defendant said the fundraiser made and the amount of money that defendant deposited in the PTSA bank account. To determine *909 the amount of money missing, the secretary simply subtracted the amount deposited into the bank account from the amount defendant texted her. Because this basic mathematical calculation did not require specialized knowledge, the secretary's testimony was properly admitted as lay opinion. See id. ; see also Venalonzo , ¶ 23.
V. Defense Expert
¶ 31 Defendant contends that the trial court improperly excluded a former Internal Revenue Service agent's testimony based on defendant's failure to provide prior notice to the prosecution.
¶ 32 This argument misconstrues the court's ruling. While the court initially ruled that the witness could not offer expert testimony, it later amended its ruling, permitting the witness to testify that based on the evidence she was not able to determine the amount of money that was lost. The court ruled that the witness could not give opinion testimony on the accounting method used by the PTSA or whether there was sufficient evidence to justify the filing of charges. Based on this ruling, defendant chose not to call the witness.
¶ 33 Defendant's stated purpose in calling the witness was to impeach the secretary's testimony. The witness's testimony that she could not determine how much money was missing would have contradicted the secretary's statement that $3287.74 was missing from the Believe Fundraiser's proceeds. Despite the court's ruling allowing the witness to offer testimony that would undermine the secretary's credibility, defendant chose not to call her. So, defendant waived this argument by relinquishing her right to call the witness. Hinojos-Mendoza v. People , 169 P.3d 662, 668 (Colo. 2007) ("Waiver is defined as the 'intentional relinquishment or abandonment of a known right.' ") (citation omitted).
VI. Conclusion
¶ 34 We vacate the judgment of conviction and remand this case to the trial court with directions to enter a conviction for a single count of theft under section 18-4-401(1), (2)(f).
JUDGE ASHBY and JUDGE FREYRE concur.

The supreme court appeared to contradict this analysis in Lucero v. People , 2012 CO 7, ¶ 26 n.6, 272 P.3d 1063, stating "[t]o be clear, these two subsections do not create separate crimes. The aggregation subsection (4) merely provides the proper punishment for the acts of theft as determinable from subsection (1)." However, Lucero interprets the theft statute prior to the 2009 amendment, which made aggregation discretionary, not mandatory. So, we conclude that the language from Lucero does not apply to our interpretation of the theft statute.

We note that defendant's proposed verdict form instruction, by only requiring proof of two thefts, also did not properly reflect the plain language in section 18-4-401(4)(a), C.R.S. 2016.