The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Bambi Jo ETCHELLS,
Defendant-Appellant.

No. 80CA0340.

Colorado Court of Appeals,
Div. III.

Feb. 25, 1982.

Rehearing Denied April 1, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Jeffrey Weinman, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Suzanne Saunders, Elizabeth A. Joyce, Deputy State Public Defenders, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Bambi Jo Etchells, appeals her conviction by a jury of introducing contraband in the first degree. We reverse and remand for a new trial.

Defendant contends that the trial court committed plain error by improperly instructing the jury on the definition of "knowingly." We agree.

■ The mental state of "knowingly" is an element of the crime of introducing contraband in the first degree. Section 18–8–203(1), C.R.S.1973 (1978 Repl. Vol. 8). As an element of the crime it must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *People v. Hardin*, 199 Colo. 229, 607 P.2d 1291 (1980). However, the trial court, in its definitional instruction, included the phrase "reasonably should be aware" and equated it with "knowingly." Conceding this was error, the People maintain that the evidence introduced rendered this error harmless. We cannot agree.

■ The statutory definition of "knowingly" requires that the jury find that the defendant was "aware," not "should have been aware." Section 18–1–501(6), C.R.S. 1973 (1978 Repl. Vol. 8). The instruction given permitted the jury to find defendant guilty of the offense, not on the basis of a finding of guilty knowledge, but rather for negligence in failing to be aware, a lesser degree of culpability. *People v. Quick*, 190 Colo. 171, 544 P.2d 629 (1976). The giving of an instruction which allows the jury to find the defendant guilty upon a lesser degree of culpability than that required by the statute constitutes plain error. *See People v. Mingo*, 181 Colo. 390, 509 P.2d 800 (1973). The weight of the evidence tending to show actual awareness cannot be used to justify a jury conviction which may be based upon the lesser degree of culpability. Accordingly, it is necessary that we reverse defendant's conviction and remand for a new trial.

Because on retrial the issue will undoubtedly arise again, we address the defendant's claim that the trial court erred in refusing her instruction defining the offense of possession of less than one ounce of cannabis. She contends that possession is a lesser included offense of introducing contraband, and that she was therefore entitled under *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974) to have the jury instructed on the elements of possession. We disagree.

■ A greater offense includes a lesser offense when the establishment of the essential elements of the greater necessarily establishes all of the elements required to prove the lesser. *People v. Rivera, supra.* Because proof of possession is not an essential element to the crime of introducing contraband, the crime of possession of cannabis cannot be a lesser included offense thereof. It is merely a separate and different crime.

The judgment of conviction is reversed and the cause is remanded for a new trial.

PIERCE and KIRSHBAUM, JJ., concur.